■ William E. Decker, Respondent, v PATRICIA A. DECKER, Appellant. (Appeal No. 1.) [937 NYS2d 645]

Same memorandum as in *Decker v Decker* (91 AD3d 1291 [2012]). Present—Scudder, P.J., Smith, Centra, Lindley and Gorski, JJ.

■ In the Matter of TOWN OF HENDERSON TOWN BOARD, Appellant, v TOWN OF HOUNSFIELD PLANNING BOARD et al., Respondents. [937 NYS2d 645]

Present—Scudder, P.J., Smith, Centra, Lindley and Gorski, JJ.

■ In the Matter of ANWATZ HAQUE, Petitioner, v JOHN LEMPKE, Superintendent, Five Points Correctional Facility, et al., Respondents. [937 NYS2d 664]

Present—Smith, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.

■ In the Matter of DARRYL HARRIS, Petitioner, v WILLIAM HULIHAN, Superintendent, Mid-State Correctional Facility, Respondent. [937 NYS2d 649]

Present—Smith, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.

In the Matter of ALBERTO RODRIGUEZ, Petitioner, v BRIAN FISCHER, Commissioner, New York State Department of Correctional Services, Respondent. [937 NYS2d 664]

Present—Smith, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.

In the Matter of ALAYNA GODFREY, by her Parent and Natural Guardian MICHELLE GODFREY Petitioner, v NIRAV R. SHAH, Commissioner, New York State Department of Health, et al., Respondents. [937 NYS2d 779]—

Memorandum: Petitioner commenced this CPLR article 78 proceeding to challenge the determination made following a fair hearing that denied her request seeking approval to purchase a Bantam Stander standing device with options (Bantam). Petitioner is a seven-year-old Medicaid recipient with multiple disabilities who is wheelchair-bound and unable to stand unassisted. The pediatrician and physical therapist requested ap-